UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No.: 23-80656-CIV-CANNON/Reinhart

TATIANA LOPEZ,

        Plaintiff(s),

v.

WL GENERAL SERVICES, CORP., *et al.*,

        Defendant(s).

## SECOND RENEWED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, TATIANA LOPEZ ("Plaintiff"), and Defendants, WL GENERAL SERVICES, CORP., and LUCIMARA HELGERT, ("Defendants") (collectively "the Parties"), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement and Addendum between Plaintiff and Defendants is attached as **Exhibit "A"**.

**I.**    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First, 29 USC 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the

FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature.

The Settlement Agreement and subsequent Addendum attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement. The Addendum removes the condition for the Court to retain jurisdiction pursuant to this Court's orders. See D.E. 23 and 25.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed

issues. Plaintiff and Defendants discussed (extensively) the Plaintiff's alleged unpaid wages, pay rate, the applicability of defenses, calculation of damages, and the applicable statute of limitations, and formulated their own proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations. Contemporaneously, the Parties engaged in informal discovery to narrow the issues before any substantial litigation ensued. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

## II. Terms of Settlement

This case involved, a claim for unpaid overtime wages. The Plaintiff worked for Defendants which, at all times, employed the Plaintiff. The Parties had several in depth discussions on damages and exchanged detailed information concerning the Plaintiff's pay, hours worked, and time records. Given the Parties' respective positions on the issue of damages, the Parties agree that they would incur great expense litigating these issues. Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendant, the Parties agree that $6,750.00 to Plaintiff is a fair compromise. As a result, the settlement agreed upon in this matter – total payment of $6,750.00 as full and final settlement, inclusive of attorneys' fees and costs, is fair and equitable under the teachings of *Lynn's Food Stores*.

The Parties have also agreed that the settlement payment will be apportioned as follows:

a. $1,750.00 as payment for alleged unpaid overtime wages to Plaintiff;

b. $1,750.00 as liquidated damages to Plaintiff;

c. $502.00 payable to Plaintiff's counsel as costs incurred in this action.

d. $2,748.00 payable to Plaintiff's counsel as attorney's fees.

The attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that she accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. A copy of Plaintiff's counsel billing records in support of this motion is attached hereto as **Exhibit "B".**

The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.     Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice. A copy of a proposed Order granting the instant motion is attached hereto as **Exhibit "C"**.

Dated August 18, 2023

Respectfully submitted,

| | |
|---|---|
| **/s/ Julisse Jimenez** | **/s/Adi Amit** |
| Julisse Jimenez, Esq. | Adi Amit, Esq. |
| FBN: 65387 | FBN: 35257 |
| Email: julisse@saenzanderson.com | E-mail: adi@defenderobusiness.com |
| SAENZ & ANDERSON, PLLC | Associate Attorney, Adi Amit, P.A. |
| 20900 NE 30th Avenue, Ste. 800 | 101 Centre |
| Aventura, Florida 33180 | 101 NE Third Avenue, Suite 300 |
| Telephone: (305) 503-5131 | Fort Lauderdale, FL 33301 |
| Facsimile: (888) 270-5549 | Tel: 954-533-5922 |
| *Counsel for Plaintiff* | Email: Aron@DefenderOfBusiness.com |
| | *Counsel for Defendant* |